CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL BARTLEY,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00056 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **ADAM COLLINS, et al.,** ) | **Chief United States District Judge** |
| Defendants. ) | |

## MEMORANDUM OPINION

Michael Bartley, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against members of the correctional and medical staff at Keen Mountain Correctional Center (Keen Mountain). Bartley claims that the defendants acted with deliberate indifference to his health and safety in violation of the Eighth Amendment. The case is presently before the court on a motion for summary judgment filed by defendants Sgt. Perkins and T. Norvell. ECF No. 61.[1] For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## Factual Background

The following summary of the evidence is primarily taken from the affidavits filed by the parties. The facts are either undisputed or presented in the light most favorable to Bartley, the nonmoving party on summary judgment.

---

[1] Norvell and Perkins were employed by the Virginia Department of Corrections during the time period at issue. Three other correctional officials named as defendants—Adam Collins, Lt. Horne, and Sgt. Deel—expressly declined to file a motion for summary judgment. See Notice, ECF No. 63.

Bartley suffers from a seizure disorder. Bartley Aff., ECF No. 69-1, at ¶ 3 ("I have been diagnosed with epileptic seizures."); see also Aff. of Nurse R. Harmon, ECF No. 69-2, at ¶ 3. Because of his medical condition, Bartley was placed on "bottom bunk status" after he entered into the custody of the Virginia Department of Corrections. Harmon Aff. ¶ 3.

On February 5, 2022, while Bartley was incarcerated at Keen Mountain, Sgt. Deel entered his cell and ordered him to move from a bottom bunk to a top bunk. Bartley Aff. ¶ 6. Bartley attempted to explain that he had been given bottom bunk status for medical reasons. Id. In response, Deel told Bartley that he would be charged with disobeying a direct order unless he moved to the top bunk. Id. Consequently, Bartley complied with Deel's order. Id. at ¶ 7.

Bartley subsequently spoke to Nurse R. Harmon and Nurse C. Smith regarding his bunk assignment. Harmon Aff. ¶ 6; Smith Aff., ECF No. 69-2, at ¶ 6. Upon learning that Bartley had been moved to a top bunk, Harmon "immediately called Adam Collins, the Housing Unit Manager, and informed him that there was a medical order for [Bartley] to have a bottom bunk and that it needed to be accommodated." Harmon Aff. ¶ 7. Likewise, Smith "immediately spoke to the Watch Commander who was on duty, who said that he would look into it." Smith Aff. ¶ 7. Smith also spoke with Collins regarding the situation. Id.

Bartley's affidavit indicates that he requested assistance from other members of the correctional staff, including Perkins and Lt. Horne. See Bartley Aff. ¶ 4. Although Perkins denies having any recollection of being informed of the improper bed assignment between February 5, 2022, and February 16, 2022, see Perkins Aff., ECF No. 62-2, at ¶ 5, Bartley avers that Perkins "sat in Lt. Horne's office [on February 8, 2002,] as [Bartley] begged to be moved."

2

Id. Bartley further asserts that he spoke to Perkins in the A-4 pod later that day about being moved to a bottom bunk. Id. According to Bartley, Perkins "responded by stating that he do[es] not make bed moves." Id.

Despite the requests made by Bartley, Harmon, and Smith, Bartley was still being required to sleep on the top bunk as of February 16, 2022. Id. ¶ 7. On that day, Bartley fell from the top bunk and hit his head on a piece of furniture. Id. at ¶¶ 7, 8.

Bartley's cellmate called Norvell for assistance. Id. at ¶ 8. Norvell "spoke to Bartley at his cell door and he told [Norvell] that he had fallen out of his bunk and hit his head." Norvell Aff., ECF No. 62-1, at ¶ 6. Norvell "immediately radioed medical to notify them of the incident and asked for Bartley to be evaluated." Id. Nurse L. Trent arrived shortly thereafter and gave Bartley "medicine for the knot on [his] forehead." Bartley Aff. ¶ 8.

The following day, Bartley was moved to the infirmary for observation. Compl., ECF No. 1, at ¶ 29. Upon leaving the infirmary, Bartley was reassigned to a bottom bunk. Id. at ¶ 30. He alleges that he continues to experience severe headaches and body pain as a result of the fall. Id. at ¶ 32.

## Procedural History

On January 23, 2023, Bartley filed this action under 42 U.S.C. § 1983 against Adam Collins, Lt. Horne, Sgt. Perkins, Sgt. Deel, T. Norvell, Nurse Harmon, Nurse Smith, and Nurse Trent. Bartley asserts Eighth Amendment claims of deliberate indifference to his health and safety. In Count One, titled "Failure to Provide Safe Conditions," Bartley claims that the correctional officers acted with deliberate indifference by (1) assigning him to a top bunk, (2) refusing to reassign him to a bottom bunk, or (3) "failing to investigate enough to make an

3

informed judgment before placing [him] in a dangerous situation." Compl. ¶¶ 33–35. Bartley claims that he suffered multiple physical injuries as a result of the officers' deliberate indifference. Id. at ¶ 36.

The case is presently before the court on the motion for summary judgment filed by Perkins and Norvell. The motion has been fully briefed and is ripe for decision. See ECF Nos. 62, 65, 69.

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013).[2] A dispute is "genuine" if "a reasonable jury could return a verdict for the non-moving party." Strothers v. City of Laurel, 895 F.3d 317, 326 (4th Cir. 2018).

When ruling on a motion for summary judgment, "[t]he court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." Shaw v. Foreman, 59 F.4th 121, 129 (4th Cir. 2023). The court "may not weigh the evidence or make credibility determinations." Harris v. Pittman, 927 F.3d 266, 272 (4th Cir. 2019).

---

[2] Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion.

**Discussion**

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, applies to claims by inmates challenging conditions of confinement. Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Id. To satisfy the objective component, an inmate "must demonstrate that the deprivation alleged was, objectively, sufficiently serious." Id. Specifically, an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from [his] unwilling exposure to the challenged conditions." Jones v. Solomon, 90 F.4th 198, 209 (4th Cir. 2024). To satisfy the subjective component, "a plaintiff challenging his conditions of confinement must demonstrate that prison officials acted with deliberate indifference." Porter, 923 F.3d at 361.

Deliberate indifference is a "high bar" that is not met by a showing of mere negligence. Koon v. North Carolina, 50 F.4th 398, 406–07 (4th Cir. 2022). The Supreme Court has explained that a prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to [an inmate's] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Id. at 842. For instance, "an obvious risk of harm justifies an inference that a prison official subjectively

5

disregarded a substantial risk of serious harm to the inmate." Porter, 923 F.3d at 361. Thus, "[w]hen a risk was so obvious that an official must have had knowledge [of the risk], that can get a deliberate-indifference question to a jury." Koon, 50 F.4th at 407.

In moving for summary judgment, Perkins and Norvell do not challenge whether there is sufficient evidence to satisfy the objective component of a conditions of confinement claim. Instead, they assert that they "did not act with deliberate indifference or fail to protect Bartley from a known risk of harm." Defs.' Br. Supp. M. Summ. J., ECF No. 62, at 5. In particular, Perkins and Norvell argue that "they cannot be said to have acted with deliberate indifference to a risk of harm" since they were not "responsible for Bartley being moved to the top bunk and were not made aware of Bartley's request to be moved to a bottom bunk prior to his alleged fall." Id. at 5–6.

In response to the motion for summary judgment, Bartley acknowledges that Norvell was "unaware" that he had been moved to a top bunk until after he suffered the fall on February 16, 2022. Pl.'s Resp. M. Summ. J., ECF No. 69, at 3. Consequently, Bartley does not contest that Norvell is entitled to summary judgment. Id. at 3–4. Instead, he argues that his claim against Perkins should "be allowed to move forward to trial." Id. at 3; see also id. at 8 ("For the reasons stated herein, Defendant Perkins's request for summary judgment should be denied."). Because there is no evidence from which a reasonable jury could find that Norvell knew of and disregarded an excessive risk to Bartley's health or safety, the motion for summary judgment will be granted with respect to the claim against Norvell.

The court agrees with Bartley that Perkins is not entitled to summary judgment. Although Perkins denies having knowledge of Bartley's request to be moved to a bottom bunk,

6

Bartley's affidavit indicates that Perkins was present when Bartley "begged [Lt. Horne] to be moved" on February 8, 2022; that he spoke directly to Perkins about being moved that same day; and that Perkins declined to assist him since Perkins was not responsible for "bed moves." Bartley Aff. ¶ 4. Even assuming that Perkins lacked authority to move Bartley to a lower bunk, "this would not absolve him from liability if he knew that maintaining the current housing arrangement posed a substantial risk of serious harm . . . , but did nothing to ameliorate the risk." Cox v. Keller, No. 7:12-cv-00154, 2015 WL 3505640, at *9 (W.D. Va. June 3, 2015), aff'd sub nom. Cox v. Quinn, 828 F.3d 227 (4th Cir. 2016); see also Makdessi v. Fields, 789 F.3d 126, 136 (4th Cir. 2015) (noting that the mere fact that defendants played no role in assigning cellmates did not shield them from liability if they knew that the inmate's cell assignment posed "a substantial risk of serious harm to [the inmate], yet did nothing"). Viewing the evidence in the light most favorable to Bartley, a reasonable jury could find that Perkins was "exposed to information concerning the risk" posed by Bartley's assignment to a top bunk and therefore "must have known about it," and that Perkins consciously disregarded the risk by doing nothing to assist Bartley. Farmer, 511 U.S. at 842. Accordingly, the court concludes that Perkins is not entitled to summary judgment. See, e.g., Palmer v. Franz, 928 F.3d 560, 565 (7th Cir. 2019) (concluding that a defendant who ignored a disabled inmate's request for a lower bunk permit was not entitled to summary judgment since there was enough evidence to allow a reasonable jury to conclude that the defendant "knew of the heightened risk of harm" and "deliberately failed to act"); Sherrod v. Harkleroad, 674 F. App'x 265, 266 (4th Cir. 2017) (concluding that an inmate's allegations that the defendants "had knowledge of his seizure disorder but failed to accommodate his disability, leading to his serious injuries

7

due to a fall [from a top bunk],'" were sufficient to survive the defendants' motion for judgment on the pleadings).

## Conclusion

For the reasons stated, the motion for summary judgment filed by Perkins and Norvell is **GRANTED IN PART AND DENIED IN PART**. An appropriate order will be entered.

Entered: June 6, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.06 10:42:56
-04'00'

Michael F. Urbanski
Chief United States District Judge